IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-01515-CMA-CBS

JAMES E. PHILLIPS, JR.,

    Plaintiff,

v.

BOARD OF WATER COMMISSIONERS,
DENVER WATER DEPARTMENT,
ROBERT MAHONEY, and
MICHAEL LEISTER,

    Defendants.

## ORDER DENYING MOTION FOR CONSOLIDATION OF ACTION

This matter is before the Court on Plaintiff's "Motion for Consolidation of Actions." (Doc. # 58.) Plaintiff moves under Fed. R. Civ. P. 42(a) to consolidate his case with another: *Bruce R. Field v. Board of Water Commissioners*, 09-cv-02247.

Fed. R. Civ. P. 42(a) states that, "[i]If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Plaintiff asserts the cases involve common questions of law and fact. Defendants oppose.

Plaintiff is a former employee of the Denver Water Department ("Denver Water"). On June 29, 2009, he filed this action alleging wrongful discharge and retaliatory termination pursuant to 42 U.S.C. §§ 1981, 1983, and §2000e. (Doc. # 1.) He alleges

in part he was fired in retaliation for making statements protected by the First Amendment.

Mr. Field is also a former Denver Water employee. On September 18, 2009, he filed a separate action also alleging in part that Denver Water retaliated against him for making statements protected by the First Amendment. He also alleges that Denver Water retaliated against him for his opposition to racially discriminatory conduct.

While the Court agrees the two cases share some common ground, the Court finds the claims are substantively different. For example, Plaintiffs' First Amendment claims are not based on the same allegedly protected speech. As alleged in their complaints, each Plaintiff spoke separately and individually to different persons and entities at different times, in different contexts and for different reasons. A joint trial would require the jury hear the allegedly protected speech of both Plaintiffs. This may confuse the jury and prejudice the Defendants.

Finding no compelling reason to risk that confusion and prejudice, the Court DENIES Plaintiff's "Motion for Consolidation of Actions." (Doc. # 58.)

DATED: July __30__, 2010

BY THE COURT:

_Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge